UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GABINO N.R.,

               Petitioner,

      v.

FIELD OFFICE DIRECTOR OF
ENFORCEMENT AND REMOVAL
OPERATIONS, SAN FRANCISCO
FIELD OFFICE, IMMIGRATION AND
CUSTOMS ENFORCEMENT, et al.

               Respondents.

No. 1:26-cv-03545-TLN-CSK

A # 246-060-648

**RELEASE ORDER**

    This matter is before the Court on Petitioner Gabino N.R.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 1.) Respondents filed an Answer and Opposition to the Petition. (ECF No. 6.) Petitioner filed a Reply. (ECF No. 7.) For the reasons set forth below, Petitioner's Petition is GRANTED. (ECF No. 1.)

///

///

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States without inspection on an unknown date approximately twenty years ago.  (ECF No. 1 at 3, 16.)  In the time since, Petitioner resided in Antelope Valley, California, built his own business, paid taxes, and provided for his partner and her children.  (*Id.* at 3, 11.)  Petitioner maintains that he is neither a flight risk nor a danger to the community.[2]  (*Id.* at 12.)

On December 27, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") while ICE was conducting an operation to locate and apprehend an unrelated individual in Lompoc, California.  (ECF No. 6 at 5.)  According to the Government's documents, officers observed Petitioner and stopped him because they believed he resembled the physical characteristics of the individual they were attempting to apprehend.  (*Id.*)  After Petitioner identified himself and provided information about his immigration status, ICE arrested him without a warrant.  (*Id.*)  Petitioner was then transported and booked into an ICE facility and later served a warrant.  (*Id.*)  Petitioner was eventually transferred to the California City Detention Facility.  (ECF No. 1 at 4.)

On May 8, 2026, Petitioner filed the instant Petition.  (*Id.* at 1.)  Petitioner challenges the lawfulness of his civil detention and seeks immediate release.  (*Id.* at 12–14.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in

---

[2]   The parties dispute whether Petitioner has criminal history.  Petitioner states that he has no criminal history.  (ECF No. 1 at 3.)  Respondents state that he does and submit Petitioner's Form I-213 which notes an arrest in 2007 with associated charges and a misdemeanor conviction in the Superior Court of Los Angeles County, as well as a RAP sheet detailing the same.  (ECF No. 6 at 1, 6, 12–13.)  In reply, Petitioner points out that the RAP sheet itself states that the record is incomplete and Respondents have not provided certified or authenticated evidence of a conviction in Los Angeles Superior Court.  (ECF No. 7 at 2–3.)  Petitioner provides a Certificate of Clerk from Los Angeles Superior Court which states that a search of his name revealed no case file.  (*Id.* at 6.)  In any event, as Respondent does not rely on Petitioner's purported criminal history as the basis for his current detention (ECF No. 6 at 2), the Court need not resolve this dispute.

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    ANALYSIS

Petitioner claims his detention violates the Immigration and Nationality Act ("INA") and Fifth Amendment Due Process Clause. (ECF No. 1 at 12–13.) In opposition, Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").[3] (ECF No. 6 at 2.)

### A.    Immigration and Nationality Act

Section 1226(a) of the INA "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). The statute affords the Government broad discretion whether to release or detain the individual. *Id.* It also provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202. Conversely, § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Until the U.S. Department of Homeland Security changed its policy in July 2025, the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by

---

[3]    Unless otherwise noted, references to statute herein refer to Title 8 of the United States Code.

immigration authorities and subject to removal.

The Court is not persuaded by Respondents' assertion that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2) to individuals like Petitioner who are detained in the interior of the country while their immigration proceedings remain pending. *See e.g.*, *Hortua v. Chestnut*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Respondents put forth no new arguments or facts justifying reconsideration in this case. Thus, for the aforementioned reasons and consistent with this Court's numerous prior rulings, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2). Petitioner's detention is instead governed by § 1226(a) and he is entitled to the process so required including, at a minimum, a bond hearing. Having been denied the process owed to him under § 1226(a), Petitioner's detention violates the INA.

### B.   Fifth Amendment Due Process Clause

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to

4

all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### i. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause. Petitioner has lived in the United States for twenty years during which time he built a life, built a business, and provided for his family. Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

### ii. Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function

5

involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Petitioner maintains that he is neither a danger to the community nor a flight risk. Respondents do not dispute this. As such, the risk that Petitioner is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondents. Respondents set forth no legitimate interest in detaining Petitioner absent these processes. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds due process requires that Petitioner receive notice and a hearing before a neutral decisionmaker prior to detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

///

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)  IT IS HEREBY ORDERED:

1.      **Within two (2) court days from the date of this Order**, Respondents shall file a notice certifying compliance with the Court's order that Petitioner Gabino N.R. (A # 246-060-648) be immediately released from custody (ECF No. 8).

2.      Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.      The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: May 25, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE